LAFAYETTE BANKS ET AL. v. THE AFRICAN METHODIST
EPISCOPAL CHURCH AND CONGREGATION OF
DETROIT ET AL.

*Practice in Supreme Court—Dismissal of appeal—Parties.*

Where complainants appeal from a decree dismissing their bill, which appeal is dismissed on motion as to *one* of the defend-

ants, who is a necessary party to the suit, the decree is affirmed as to him, and the bill will be dismissed on the hearing as to the remaining defendants, for want of proper parties.

Appeal from Wayne. (Hosmer, J.) Argued May 2, 1890. Decided June 6, 1890.

Bill to set aside ·a deed and for injunctive relief. Complainants appeal. The appeal was dismissed on motion as to one of the defendants, and on the hearing the bill is dismissed as to the other defendants, for want of proper parties. The facts are ·stated in the opinion.

*Henry M. Cheever,* for complainants.

*Edwin F. Conely,* for defendants (except Lorrimer).

*John Ward,* for defendant Lorrimer.

LONG, J.   The bill in this cause was filed by a number of the members of the defendant corporation to set aside a sale and deed of its property made by its trustees to defendant Thomas Lorrimer. The corporation, the trustees, and Lorrimer are all made parties defendant. It is also sought by the bill to restrain the trustees of the church from consummating the sale.

The deed had been made and delivered, $3,500 paid, and a mortgage given back for the balance, $3,500; and an injunction is prayed, restraining Lorrimer from paying this sum, and the trustees from receiving it. The property is upon Champlain street, in the city of Detroit, and claimed by the complainants to be worth $12,000, but had been sold for the sum of $7,000. The bill alleges that the proceedings of the trustees in making the sale were void upon several grounds set up in the bill. The answer of all the defendants alleges that all the proceedings for the sale of the property were valid, and the

property sold for its full value. The case was heard upon pleadings and proofs taken in open court, and a decree was entered dismissing the bill.

Edwin F. Conely appeared as solicitor for the defendant corporation, and the trustees. Defendant Lorrimer appeared by his solicitor, John Ward, and put in a separate answer. On December 7, 1889, a case embodying the testimony taken in open court was settled and signed by the circuit judge. Claim of appeal was filed, and the bond on appeal approved and filed.

At the last January term of this Court, Mr. Ward, as solicitor for the defendant Lorrimer, moved to dismiss the appeal as to his client on the ground that he had had no notice of the settlement of the case, the filing of the claim of appeal, or the approval and filing of the bond. On the hearing of that motion in this Court the appeal was dismissed as to defendant Lorrimer. Mr. Lorrimer is a necessary party to this proceeding. No decree could be made granting the relief asked, or any part of it, without directly affecting his rights. The dismissal of the appeal as to him in this Court affirms the decree of the court below as to him, so that he is not in any sense a party to the record now.

Under these circumstances the bill must be dismissed for want of proper parties.

The other Justices concurred.