CARMICHAEL *v.* LATHROP.

1. SETTLEMENT PENDING APPEAL—EFFECT OF.
   A settlement with one of two defendants by complainant, who has obtained a decree requiring each to pay her a specified sum, from which decree she has appealed, does not operate as an affirmance of the decree, so as to preclude her from prosecuting her appeal as against the other defendant.

2. WILLS—ADVANCEMENTS—WHAT CONSTITUTE.
   Small sums of money sent to a daughter by her father after the execution of his will, when she was in great trouble and financial distress, will not be deemed advancements, in the absence of evidence that the testator regarded them as such.

3. SAME—EQUITY PLEADING—FINDINGS—EVIDENCE.
   A finding that land deeded by a testator to a legatee was at the time worth only $12,500 is erroneous, where the deed recited a consideration of $14,000, and the answer of the legatee to complainant's allegation that the land was at the date of the deed, "and still is, worth $14,000," admits that it "is worth $14,000," and the evidence, by a fair preponderance, shows that it was worth that sum at the date of the deed.

Cross appeals from Wayne; Donovan, J. Submitted February 4, 1897. Decided April 6, 1897.

Bill by Marilla B. Carmichael against Ada M. Lathrop and Emily B. Lloyd to charge the defendants with the value of certain property alleged to have been conveyed to them in partial satisfaction of their legacies under the will of Henry P. Pulling, deceased. From the decree rendered, all parties appeal. Modified.

In the former decision of this case, we held that the parcels of land deeded by Dr. Pulling to the defendants, Lloyd and Lathrop, were in satisfaction, *pro tanto*, of the bequests made to them, and the case was remanded for further proceedings. 108 Mich. 473. Upon the second hearing the court below entered a decree that defendant

Lathrop pay to the complainant the sum of $2,790.66, and that defendant Lloyd pay to her the sum of $1,476. Both parties—complainant and defendants—appealed. Pending the appeal to this court, complainant and defendant Lathrop settled, and the case is now before us on the appeal as to defendant Lloyd.

*Fraser & Gates*, for complainant.

*Edwin F. Conely* and *Orla B. Taylor*, for defendant Lloyd.

GRANT, J. (*after stating the facts*). 1. It is insisted that the settlement with Mrs. Lathrop affirms the decree as to Mrs. Lloyd. In support of this contention, counsel rely upon *Banks* v. *African M. E. Church*, 81 Mich. 371. That case and this are not parallel, as an examination will readily show. In the former the appeal was dismissed in this court as to one defendant, who was a necessary party, and without whom before the court no relief could be granted. For this reason the bill was dismissed for want of necessary parties. In this case, under the former decree, the only questions to be determined upon the second hearing were the value of the advancement to Mrs. Lloyd and to Mrs. Lathrop, and the amount that each should pay to the complainant in order to carry out the will of the testator. These amounts were found by the decree, and we see no reason why the complainant might not settle with one defendant and continue her suit as to the other.

2. The court found that Dr. Pulling, after the execution of his will, advanced to complainant $1,100, for which the decree held her responsible. In this we think the court was in error. There is no testimony tending to show that he gave complainant this money as an advancement. It was given to complainant, in sums of $100 each, to help support herself and children when she was in great trouble and financial distress on account of her husband's financial failure and his arrest upon a

charge of crime. After the death of Mrs. Lloyd's husband, she and her children lived for some years with her father at his home, and were mainly supported by him. There is no more reason for holding that he intended these small sums sent to complainant for her support as an advancement upon the bequest to her than that he intended the expense for the support of Mrs. Lloyd and her children to be an advancement to her.

3. The court found that Dr. Pulling had invested $6,500 of money belonging to Mrs. Lloyd in the house and lot conveyed to her. Upon the question of the money intrusted by Mrs. Lloyd to her father, how it was invested, and how much he paid her, there is a large amount of testimony, and it is difficult to arrive at a satisfactory conclusion. Neither kept any account of the money or the use made of it. It is very doubtful whether any of it went into this building, or whether there was any agreement in regard to it when the deed was made. It is clear that he received money from her, and she testified that he agreed to pay her 6 per cent. interest. She received payments, but cannot tell to what amount. After giving as careful an examination as possible, we have concluded not to disturb the finding of the court upon this point.

4. The decree finds the value of the house and lot deeded to Mrs. Lloyd to be $12,500. We cannot concur in this finding. The bill of complaint alleges that at the date of the deed to Mrs. Lathrop, August 5, 1889, the lot deeded to her was then worth, and still is, the sum of $10,000; that the value of the lot deeded to Mrs. Lloyd was, when deeded, October 28, 1889, and still is, $14,000. The answer, signed by both defendants, denies that the lot deeded to Mrs. Lathrop was in August, 1889, or has been since, or is now, worth $10,000, and avers that it was not worth to exceed $7,500. As to the value of the lot deeded to Mrs. Lloyd, the answer says: "They admit that the land, with the buildings thereon, described in the latter part of said paragraph fourth, is worth the

sum of $14,000." We think it too narrow a construction to be placed upon this admission in the answer to hold that it refers to the time when the answer was filed. The consideration expressed in the deed is $14,000. We also think it established by a fair preponderance of the evidence that the property was then worth that amount. It is apparent that the value as fixed in the decree is based upon the supposed cost of the land, including the buildings, rather than upon its actual value.

The decree will be modified in accordance with this opinion. Complainant will recover her costs in this court.

The other Justices concurred.